[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I
On November 1, 1996, Everett Butler, the plaintiff, filed a three count amended complaint against the defendant, Bankers 
Shippers Insurance Co. (Bankers Shippers). Butler alleges that on or about July 20, 1994, he procured a motor vehicle insurance policy (hereinafter "the policy") from the defendant. On or about May 29, 1995, a motor vehicle owned by Butler and insured under the policy was stolen. Thereafter, on or about July 4, 1995, another motor vehicle, leased by Butler and insured under the same policy, was stolen and subsequently damaged. Butler alleges that he presented a claim to Bankers Shippers for insurance coverage, and has at all times performed as required by the terms of the policy, yet Bankers Shippers has failed to pay the claims arising from the thefts. The plaintiff seeks to recover from the defendant for the losses and liabilities incurred as a result its declination of coverage.
The amended complaint contains three counts, alleging: (1) breach of contract; (2) violation of General Statutes § 38a-815 et seq., the Connecticut Unfair Insurance Practices Act (CUIPA); and (3) violation of General Statutes § 42-110a et seq., the Connecticut Unfair Trade Practices Act (CUTPA). The defendant now moves to strike the second and third counts of the amended complaint and related claims in the ad damnum clause.
 II
The function of a motion to strike "is to test the legal CT Page 347 sufficiency of a pleading." RK Constructors, Inc. v. Fusco Corp. ,231 Conn. 381, 384 (1994); Practice Book § 152. A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted.) Mingachos v. CBS. Inc., 196 Conn. 91, 108
(1985). Therefore, when ruling on a motion to strike, the court must construe the facts most favorably to the nonmoving party.Faulkner v. United Technologies Corp. , 240 Conn. 576, 580 (1997). "This includes the facts necessarily implied and fairly provable under the allegations. . . ." S.M.S. Textile Mills, Inc. v. Brown,Jacobson, Tillinghast, Lahan King, P.C., 32 Conn. App. 786, 796, cert. denied, 228 Conn. 903 (1993). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Waters v. Autuori, 236 Conn. 820, 826 (1996).
Count 2 — CUIPA
A. Private Right of Action Under CUIPA
The defendant sets forth two grounds in support of its motion to strike the second count: 1) that there is no private right of action under CUIPA; and 2) that the plaintiff has failed to allege a general business practice.
The second count of the plaintiff's amended complaint is based on the existence of a private right of action under CUIPA. Our Supreme Court has repeatedly reserved decision as to whether a private right of action exists under CUIPA. See Napoletano v. CignaHealthcare of Connecticut Inc., 238 Conn. 216, 221 n. 5 (1996); Leesv. Middlesex Ins. Co., 229 Conn. 842, 847 n. 4 (1994); Mead v.Burns, 199 Conn. 651, 657 n. 5 (1986); Griswold v. Union Labor LifeIns. Co., 186 Conn. 507, 521 n. 12 (1982). Superior courts are split as to whether such a private right of action exists under the statute. See Joseph v. Hannan Agency, Inc., Superior Court, judicial district of Danbury, Docket No. 323310 (January 9, 1997, Moraghan, J.) and cases cited therein.
After a review of CUIPA, the court in Allessa v. Allstate Ins.Co., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 050550 (November 7, 1995, Skolnick, J.) (16 CONN. L. RPTR. 317), held that "[t]here is no express authority under CUIPA for a private cause of action. . . . CUIPA is not ambiguous; by its express terms, CUIPA is a regulatory act, authorizing the insurance commissioner to investigate alleged unfair insurance practices." Even if the provisions of CUIPA are CT Page 348 ambiguous as to a private right of action, the existence of such a right should not be recognized. This is "because CUIPA authorizes the imposition of criminal penalties for the commission of the conduct it proscribes . . . [and] ambiguity in penal statutes requires a construction limiting rather than expanding civil liability." (Emphasis added.) Mead v. Burns, supra, 199 Conn. 658. Moreover, "the Supreme Court has explicitly held that a private cause of action exists under CUTPA to enforce alleged CUIPA violations. . . . In light of the existing remedy to redress a CUIPA violation, and the unlikelihood that the legislature intended two statutory causes of action to redress the same conduct, there is no private cause of action under CUIPA. . . ." (Internal quotation marks omitted.) Langlais v. Guardian Life Ins. Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 252826 (July 7, 1992, Lewis, J.).
Similarly, in C M Technology Inc. v. The Travelers Ins. Co., Superior Court, judicial district of Middlesex, Docket No. 072968 (April 5, 1995, Stanley J., 14 CONN. L. RPTR. 32), the court noted the lack of "express authority for a private cause of action [under CUIPA] . . . as compared to the express authority for a private cause of action under CUTPA. . . . CUIPA is a regulatory act, authorizing the insurance commissioner to investigate whether the unfair insurance practices, as set forth in Connecticut General Statutes Section 38a-816, have been violated. . . . Furthermore, CUIPA is a regulatory act that provides for an administrative procedure through the state insurance commissioner to deal with alleged unfair practices. . . . CUTPA expressly authorizes a private cause of action. . . . CUIPA, on the other hand, expressly speaks to the power vested in the commissioner of insurance."
The court in Stabile v. Southern Connecticut HospitalSystems Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 326120 (October 31, 1996, Levin, J.) (18 CONN. L. RPTR. 157) analyzed whether CUIPA provides for an implied cause of action by applying the test provided by Cort v. Ash,422 U.S. 66, 78, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), as adopted by the Connecticut Supreme Court in Napoletano v. Cigna HealthCare ofConnecticut Inc., supra, 238 Conn. 221 n. 5. The Stabile court determined, under the three tier Cort v. Ash test that first, the intent of the legislature was to benefit consumers, second, the statute and legislative history do not reveal a legislative intent to create a private right of action, and third, that it is inconsistent with the underlying purposes of the legislative scheme to imply a private right of action because the legislature has CT Page 349 limited enforcement of the statute to the insurance commissioner and the requirement of showing a general business practice does not easily lend itself to a private action arising from a single claim. This issue has been thoroughly, thoughtfully and persuasively addressed by the court in Stabile. Therefore, this court concludes that there is no private cause of action under CUIPA. The motion to strike the second count is granted.
B. General Business Practice
The defendant's alternative ground for striking the second count is that even if the court were to recognize a private cause of action under CUIPA, the second count is still deficient in that the plaintiff has failed to allege sufficient facts to support its claim under CUIPA; namely, a general business practice. The plaintiff contends that since he has alleged two instances of unfair settlement practices in regard to his policy, his allegations are sufficient to withstand the defendant's motion to strike.
"In a CUTPA or CUIPA claim, the insurer's liability is ordinarily based on its conduct in settling or failing to settle the insured's claim and on its claims settlement policies in general. The factual inquiry focuses, not on the nature of the loss and the terms of the insurance contract, but on the conduct of the insurer. . . . In a CUIPA and CUTPA claim, the insurer's duty stems not from the private insurance agreement but from a duty imposed by statute." (Internal quotation marks omitted.) Heyman Associates No.1 v. Insurance Co. of Pennsylvania, 231 Conn. 756, 790 (1995). "Section 38-816 (6) prohibits unfair claim settlement practices. Under this section of CUIPA, the claimant must allege and prove facts sufficient to show that the insurer was [c]ommitting or performing [certain specified acts] with such frequency as to indicate a general business practice. . . ." (Internal quotation marks omitted.) Id., 796. "In requiring proof that the insurer has engaged in unfair claim settlement practices with such frequency as to indicate a general business practice, the legislature has manifested a clear intent to exempt from coverage under CUIPA isolated instances of insurer misconduct." (Footnote omitted; internal quotation marks omitted.) Lees v. Middlesex Insurance Co., supra, 229 Conn. 849.
Furthermore, the Connecticut Supreme Court has held that proof of an insurer's commission of two or more unfair claim settlement practices in relation to one insurance claim is insufficient to CT Page 350 satisfy the "general business practice" requirement of § 38a-816(6).Lees v. Middlesex Ins. Co., supra, 229 Conn. 848-49; see alsoQuimby v. Kimberly Clark Corp. , 28 Conn. App. 660 (1992). The "alleged improper conduct in the handling of a single insurance claim, without any evidence of misconduct by the defendant in the processing of any other claim, does not rise to the level of a `general business practice' as required by § 38a-816(6)." Lees v.Middlesex Ins. Co., supra, 229 Conn. 849.
In the second count, the plaintiff attempts to allege the facts regarding the defendant's actions in respect to his own claim and then states that "[t]he foregoing allegations constitute unfair insurance practices in violation of C.G.S. § 38a-815 et seq." The second count, however, starts by stating that "[p]aragraphs 1 through 7 of the Second Count are hereby incorporated into this the Third Count as if set forth herein." This makes no sense. Yet even if the court were to take this allegation to mean that paragraphs one through seven of the first count are incorporated into the second count, the plaintiff still has alleged facts relating only to his own claims. But this does not, in the court's opinion, constitute a general business practice. See, e.g., Piegerv. Patriot General Ins. Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 326059 (May 31, 1996, Maiocco, J.); Grant v. Colonial Penn Ins. Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 321277 (January 16, 1996, Hauser, J.) (16 CONN. L. RPTR. 49); Levitt v. American EconomyIns. Co., Superior Court, judicial district of Danbury, Docket No. 319033 (October 30, 1995, Stodolink, J.); Lanese v. Mecca, Superior Court, judicial district of Waterbury, Docket No. 116816 (February 6, 1995, Pellegrino, J.); Waugh v. Nationwide Mutual Assurance Co., Superior Court, judicial district of New Haven at Meriden, Docket No. 244326 (January 5, 1995, Silbert, J.). Therefore, the defendant's motion to strike count two is granted on this ground as well.
Third Count — CUTPA
The defendant moves to strike the third count on the ground that the allegations as pleaded are insufficient to state a cause of action under CUTPA. The court agrees.
The Connecticut Unfair Trade and Practice Act, General Statutes § 42-110b(a) provides: "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce. In determining whether CT Page 351 certain acts constitute a violation of this act, [the courts] have adopted the criteria set out in the cigarette rule . . . (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessmen)]." (Internal quotation marks omitted.) Williams Ford,Inc. v. Hartford Courant Co., 232 Conn. 559, 591 (1995). "All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three. . . . Thus a violation of CUTPA may be established by showing either an actual deceptive practice . . . or a practice amounting to a violation of public policy." (Citations omitted; internal quotation marks omitted.) Jacobs v. Healey Ford-Subaru, Inc., 231 Conn. 707, 725-26 (1995).
"A claim under CUTPA must be pleaded with particularity to allow evaluation of the legal theory upon which the claim is based." S.M.S. Textile Mills, Inc. v. Brown, Jacobson, Tillinghast,Lahan King, P.C., supra, 32 Conn. App. 797. "In order to withstand a motion to strike for legal insufficiency, [the] plaintiff must allege practices or methods of trade by the defendant that can be described as immoral, unethical, oppressive, unscrupulous or offensive to public policy." Chernet v. Town ofWilton, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 108840 (September 28, 1990, Cioffi, J.) (2 CONN. L. RPTR. 475).
In the present case, the plaintiff in the third count incorporates paragraphs one through seven of the second count[1] and then states only that: "[t]he foregoing allegations constitute a violation of the Connecticut Unfair Trade Practices Act C.G.S. §42-110a et. seq." "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged". (Citations omitted.) Novametrix MedicalSystems Inc. v. BOC Group, Inc., supra, 224 Conn. 215. Further, because the plaintiff has not alleged facts supporting a general business practice sufficient to support a claim under CUIPA, those same allegations are also insufficient to support a claim under CUTPA. Mead v. Burns, supra, 199 Conn. 663-66 (1986). The third count is devoid of allegations sufficient to fall within the CT Page 352 purview of CUTPA. Therefore, the defendant's motion to strike the third count of the amended complaint is also granted.
The motion to strike counts two and three is granted and an order may enter accordingly.
William Patrick Murray a judge of the Superior Court